Judge Nicholas
delivered the Opinion of the Court.
Isham R. Fox sued Walker and Tuder, in trespass, for breaking his close, and entering his dwelling, breaking open his outer door &c.
They justified, under a ft. fa. in favor of Walker, against Taitón Fox, in Tuder’s hands as constable, that the slaves, goods and chattels of Taitón Fox were on the premises of plaintiff, and there fraudulently withheld and concealed by him ; that they entered finding the outer door open, to serve the execution &c.
Plaintiff replied, that the property of Taitón Fox was not fraudulently held and concealed by him, on his premises, and that his outer door was not open at the time of the trespass.
Verdict and judgment were rendered in favor of Fox; to reverse which, Walker arid Tuder prosecute this writ of error.
The proof was, that the defendants went upon the plantation of the plaintiff, to levy Walker’s execution upon a negro boy of Taitón Fox’s — the boy then being on the plantation; that, in the absence of plaintiff, Tader, by the direction of Walker, lifted the latch of the outer door of plaintiff’s dwelling, entered and search *405 ed his chambers, and not finding the boy there, Walker broke the locks, and opened the doors of two adjacent out-buildings, but without finding the boy. The plaintiff held the boy under a. mortgage from Taitón Fox, duly recorded.
An officer, having an executi°n against a def’twhoseproperty ;3 upon the possessions of a stranger, may enter upon the stranger’s land, and go into his buildings —breaking open out-ho uses, and entoringdnto the dwelling house when it is found open, to levy on the defendant’s goods. Put thesethings the officer does at his peril : if the def’t has nothing upon the premises subject to the levy,theoflicer, the plaintiff directinghim,aud those assisting, will be deemed trespassers ab initio.
An officer cannot lawfully enter by force, into a dwelling house, (to lilt thelatch and enter, is to enter by force) to levy an execution on thegoods of the owner, or any other goods deposited there, without fraud or covin ; nor to serve civil process upon anyofthosewho dwell in the house. But the occupant of a house cannot use it, to protect the goods of others from execution, or to screen strangers from the service of process ; and where goods have been deposited, or strangers have taken shelter, in the house, for such purposes, and are not surrendered upon the requisition of tho officer, he may break open the honse, and go in, to servé his process.
The court instructed the jury, that the defendants had a right to go on plaintiff’s premises, in search of Talton Fox’s property, it he had any there at the time; bnt that defendants had no right to open the outer door of plaintiff’s dwelling arid.enter, whether Taitón Fox’s property was in there or no; nor had defendants a right to break open the door of any out house on plaintiff’s land, unless the jury should find, that, at the time of breaking open such out house, Taitón Fox’s property was in the same. And if the jury should find the defendants entered the plaintiff’s dwelling house, not finding the outer door open, or broke open the out-hpnses of plaintiff, in which none of Taitón Fox’s property was, at the time, the defendants were, by so doing, trespassers by x-elation, from their original entry on plaintiff’s land.
This instruction contains a correct exposition of the law of the case. A sheriff cannot .lawfully enter the dwelling of a defendant, whilst the outer door remains closed, to do execution under a fi. fa. or generally to execute civil process in personal actions. The lifting the latch of the outer door to open it, is equivalent to breaking a lock.
It is true this principle of exemption is confined to the goods of the owner of the house, or such goods of others as are brought there without fraud or covin, and does not protect the goods of others brought there to prevent execution.
It is also true, that in the latter case; after demand or request to have the goods so fraudulently held delivéred up, and refusal, the sheriff may break ojien the outer door, to do execution. Bnt in this case, there was no proof conducing to shew, that any própertvof Taitón *406 Fox was so fraudulently held by the plaintiff, for the purpose of preventing execution. So that the defendants would not have been justified in opening the outer door of the dwelling, even-though the slave had been there at the time. So also, though the officer might have been justified in breaking the doors of the out houses, provided Taitón Fox’s property had been found there, yet he broke them at his peril, ami no such property being found, he committed a trespass in so doing. In general an entry into the close of one, to seize the person or property of another, will not be justifiable, unless it turns out that they were there at the time.
Judgment affirmed, with costs.